

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00401-CR

## EX PARTE HERIBERTO JACQUEZ

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. F46719A**

## ORDER

Appellant's brief in this appeal was originally due on December 19, 2016. Appellant requested an extension of time to file his brief due to the workload of appellant's counsel. An extension was granted and appellant's brief was due January 18, 2017. Appellant has now filed another motion for extension of time to file his brief, this time asserting that he cannot file his brief until the trial court rules on appellant's motion for new trial which challenged the trial court's order denying appellant's article 11.072 post-conviction writ of habeas corpus.

The Court has jurisdiction of this appeal. *See* TEX. CODE CRIM. PROC. ANN. art 11.072, Sec. 8 (West 2015). When or whether the trial court rules on appellant's pending motion for new trial is no reason to delay the disposition of the appeal by delaying the

filing of the brief. As it is, in this type of appeal, the timetables for filing the record and for the briefs are shortened; and we are to "hear" the appeal "at the earliest practicable time." *See* TEX. R. APP. P. 31.1; 31.2. *See also* 10TH TEX. APP. (WACO) LOC. R. 14. Nevertheless, we note that the clerk's record is not complete because it lacks the affidavit referenced in the State's answer to the application for writ of habeas corpus pursuant to article 11.072 of the Code of Criminal Procedure.

The trial court clerk is ORDERED to supplement the clerk's record with the referenced affidavit within 7 days of the date of this order. Appellant's brief is due 30 days after the supplemental clerk's record is filed.

Accordingly, "Appellant's Second Motion for Extension of Time to File Brief" is dismissed as moot.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Motion dismissed as moot
Order issued and filed February 1, 2017

